# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Chad R. Hammond, )
)
**Plaintiff** )
)
vs. )   Case No. _____
)   (*The case number will be assigned by the clerk*)
Shelby County Sheriff's Dept./ )
Detention Center )
Sheriff McReynolds )
Advanced Correctional Healthcare, )
Inc. )
Dr. Duran (jail doctor) )
)
_____, )
)
**Defendant(s)** )

FILED
MAR 13 2023
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

(*List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format*).

### COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

- [x] 42 U.S.C. §1983 (state, county or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- [ ] Other federal law: _____

- [ ] Unknown _____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Chad Ryan Hammond

Prison Identification Number: K03998

Current address: Shelby County Jail, 151 N. Morgan Shelbyville, IL 62565

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Shelby County Sheriff's Department/Detention Center

Current Job Title: Shelby County Jail

Current Work Address: 151 N. Morgan Shelbyville, IL 62565

Defendant #2:

Full Name: Sheriff Brian McReynolds

Current Job Title: Sheriff of Shelby County, Illinois

Current Work Address: 151 N. Morgan Shelbyville, IL 62565

Defendant #3:

Full Name: Advanced Correctional Healthcare, Inc.

Current Job Title: Healthcare provider for Shelby County Jail

Current Work Address 3922 Baring Trace (address the jail provided me with) Peoria, Il. 61615  (309)692-8100

Defendant #4:

Full Name: Dr Duran

Current Job Title: Shelby County Jail Doctor

Current Work Address Advanced Correctional Healthcare, Inc. 3922 Baring Trace, Peoria, Il. 61615 or 151 N. Morgan, Shelbyville, Il. 62565 (Shelby County Jail address)

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ■

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ■

3

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number
   _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ■   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ■   No ☐

If your answer is no, explain why not _____
_____

C. Is the grievance process completed?   Yes ■   No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Shelby County Jail, Shelbyville, IL 62565

Date(s) of the occurrence  December 6th, 2022 - Present (today's date: Mar 9, 2023)

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1) I was incarcerated in the Shelby County Jail on Dec 6th of 2022, and shortly after began to have severe side pains. I requested to see the nurse because I have Hepatitis C (Chronic, Cirrohsis), and was concerned that my side pain may be due to my liver disease / liver damage. I was seen by the nurse about a week later but nothing was done to remedy my pain. Only vitals were taken. (Early December, 2022)

2) A few days passed and my pain had not subsided. I again requested to see the nurse via the jail's kiosk. Another week or so passed before I saw the nurse as she only visits once per week. Again vitals were taken in which she then said I was basically "screwed" because "if I had a liver disease, she did not recommend taking pain medication. (Mid-December, 2022)

3) My pain continued to progress, so I again asked to see the nurse. This time she did not take vitals and said she would relay my complaint to the doctor. (Mid-December, 2022)

4) As my side pain continued, my stomach now began to hurt. I again requested to see the nurse because I was scheduled to have an Endoscopy procedure but failed to make my appointment due to my incarceration. This procedure was to see if my disease had spread into my stomach as the hardening of the livers veins sometimes damages the veins of the stomach. Due to my newly developed stomach pain, this concerned me that my disease had spread.

5

Again, nothing was prescribed or done as a remedy to my pain or concern that my disease was spreading.

5) By late December to early January, my stomach pain and side pain had gotten worse. I requested to see the nurse who again did nothing to remedy the situation.

6) In late January, my side pain and stomach pain began to escalate to a level that seriously had me concerned and it was evident that something was wrong and it was not going away. I again requested to see the nurse and begged her to refer me to a doctor. I signed a release by my request (not of her own decision) and asked for her to get my medical records to confirm that something was wrong since neither she (the nurse) nor Dr. Duran had even taken a urinalysis or blood test, nor ordered another Endoscopy (as my primary physician had done) to diagnose what my complaint was, or to confirm that I in fact had liver disease or liver damage.

7) After realizing they were not going to remedy my condition, I requested that the judge allow me to call my physicians to see what I could do since I was in such pain. A 'Tele-Visit' was scheduled for me to talk with an 'Infectious Disease Specialist' by outside resources (not by the jail's medical staff, who still had done nothing to treat my condition).

8) The 'Tele-Visit' wasn't successful because the jail and the 'Infectious Disease Specialist' didn't use compatible sources to do a 'Video Visit'. Consequently, I was dismissed by the 'Specialist' for missing the scheduled appointment, although we (myself + jail staff) were waiting for their call on Feb. 21st at 12:40 p.m. The call never came.

9) Soon thereof, I finally saw Dr. Duran who said she would find me an 'Infectious Disease Specialist' but disregarded the need to due any tests herself to see why my pain was continuing and at this point more symptoms had developed. I told the doctor of these

6

new symptoms (bloody noses, blood in urine, lower back pain, and still severe stomach and side pain) but she still chose to do nothing.

10) On Feb. 16th my blood pressure had risen to elevated levels (165/99, 145/111, 161/90, to be approximate) Records will reflect the exact levels. I requested to go to the Emergency Room because I was feeling worse than I'd ever felt. My request was denied, stating: "My symptoms showed nothing indicative of needing emergency care" although Dr. Duran knew of the symptoms I was now experiencing.

11) On March 1st of 2023, against the earlier recommendation of not needing emergency care, jail staff observed me and knew I was suffering severe pain which now had traveled into my upper and lower stomach. They chose to act of their own accord and took me to the Emergency Room at H.S.H.S. Hood Shepard Hospital in Shelbyville, Illinois.

12) Upon entering the E.R., the nurse asked if I usually had high blood pressure as it read 195/95. I indicated "No" and that it is typically 120/70 and sometimes lower as medical records reflect. I was then given a C/T scan, blood work, and a urinalysis test in which showed I had been suffering for 3 months from a liver or gastro-intestinal infection as well as elevated liver enzymes. I was treated with antibiotics prescribed by the E.R. doctor (not Dr. Duran) whom had earlier recommended Omeprizol & Milk of Magnesia (Dr. Duran's recommendation). Since treating me with the Antibiotics (E.R. doctor) my pain has subsided as have my symptoms, although my side pain stays consistent.

7

## RELIEF REQUESTED

(State what relief you want from the court.)

I request $1,000,000 for my pain and suffering (3 months without treatment by jail medical staff) from each defendant in their individual and official capacities, jointly and severally.

I also pray that the defendants be ordered to treat inmates with 'Chronic' Hepatitis C at the earliest diagnosis or discovery that the inmate has this disease and that they execute proper medical procedures to examine that the individuals do in fact have this serious medical need.

I as well, request to have the defendants pay for all costs and fees I've acquired to file this complaint.

JURY DEMAND      Yes [X]      No [ ]

Signed this __Ninth__ day of __March__, 20__23__.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Chad R. Hammond | K03998 (D.O.C. #) |
| Address: | Telephone Number: (217) 774-3670 Home |
|  | (217) 820-8685 Message |
| 151 N. Morgan | Jail # (217) 774-3441 |

Complaint Attachment

13. All Defendants, upon information or belief, are in a supervisory role in all omissions and acts regarding this case. Policy's of the named Defendants caused Mr. Hammond to suffer greatly as direct medical attention was NOT provided to his serious medical condition or need.

14. On March 9th of 2023, the plaintiff was able to find an 'Infectious Disease Specialist' by way of a letter, further demonstrating the disregard the Defendant's have taken to remedy this situation, as the jail doctor has still neglected to find him a 'Specialist', or provided the information to the plaintiff of anything different.

Chad R. Nammond
151 N. Morgan
Shelbyville, Il.
62565

Springfield, IL P&DC 627
FRI 10 MAR 2023 PM



United States District Court
Central District of Illinois
Office of the Clerk
201 S. Vine St.
Room 218
Urbana, Illinois 61802-3348